IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE SHEPHERD,<br>　　　　　　Plaintiff, | CIVIL ACTION |
| v. | |
| ANNE MARIE COYLE,<br>　　　　　　Defendant. | NO.  21-1591 |

## MEMORANDUM OPINION

Plaintiff Tyrone Shepherd, a pre-trial detainee currently incarcerated at the Philadelphia Industrial Correctional Center, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983 against the Honorable Anne Marie Coyle, a judge of the Philadelphia Court of Common Pleas, alleging violations of his rights protected under the United States Constitution.  For the following reasons, Shepherd's Complaint will be dismissed.

I.    FACTUAL ALLEGATIONS[1]

On June 1, 2018, Shepherd was arrested, charged with firearm violations, and placed in custody.  Bail was set at $500,000.  Attempted murder charges were refiled against Shepherd while he was in custody, and bail was set at $50,000 on those charges.  Defendant Coyle has been the presiding judge in Shepherd's case.  Shepherd alleges that she has disregarded his rights and favored the prosecution to prevent Shepherd from having a fair trial.  He alleges that despite the COVID-19 pandemic, Judge Coyle has refused to grant any bail reduction requests.  He further alleges that she has refused to conduct a fair trial in his criminal case.  He claims that Judge Coyle has used intimidation tactics to force him to accept a plea deal, including yelling at and threatening him.  Shepherd asserts that Judge Coyle has denied motions for house arrest presented in light of the COVID-19 epidemic.

---

[1] The facts set forth in this Memorandum are taken from Shepherd's Complaint.

Shepherd has sued Judge Coyle in both her individual and official capacities, claiming that Judge Coyle's conduct constitutes a due process violation and cruel and unusual punishment. Shepherd alleges that, as a result of Judge Coyle's conduct, he has experienced mental health issues and suffered stress, has been unable to perform his regular activities such as sleeping and concentrating, and has been prevented from building bonds with his family and friends. Shepherd requests a declaration that Judge Coyle's conduct constitutes a violation of his Constitutional rights, and further requests an award of compensatory damages.

Review of the publicly available dockets in Shepherd's pending criminal cases reflects that trial is scheduled to commence on all charges on November 8, 2021, before Judge Coyle. *See Commonwealth v. Shepherd*, Nos. CP-51-CR-0005665-2018 and CP-51-CR-0004532-2018 (Ct. Com. Pl. Phila. Cnty.).[2]

## II.     LEGAL STANDARD

Although Shepherd has paid the filing fee in full, the Court has the authority to screen his Complaint pursuant to 28 U.S.C. § 1915A.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 (3d Cir. 2002) (recognizing that the district courts have the authority to screen a prisoner complaint pursuant to Section 1915A even if the prisoner is not proceeding *in forma pauperis*). Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  In doing so, the Court must dismiss a complaint or any portion thereof that "is

---

[2] The Court takes judicial notice of the dockets of these cases pending in state court.  *See* Fed. R. Civ. P. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," and may take such notice "on its own . . . at any stage of the proceeding."); *see also Pennsylvania v. Brown*, 373 F.2d 771, 778 (3d Cir. 1967) ("a federal court may take judicial notice of matters of record in state courts within its jurisdiction.").

frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999); *Neal v. Pa. Bd. of Prob. & Parole*, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997). Accordingly, the Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As Shepherd is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.    DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### A. Official Capacity Claim

Shepherd asserts claims against Judge Coyle in her official capacity. Official capacity claims are indistinguishable from claims against the entity that employs the officials. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n.55 (1978))). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. Judge Coyle serves on the Philadelphia County Court of Common Pleas. The Philadelphia County Court of Common Pleas, as part of Pennsylvania's unified judicial system,

shares in the Commonwealth's immunity under the Eleventh Amendment to the United States Constitution.  *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (holding that Pennsylvania's Judicial Districts are entitled to immunity from suit for damages under the Eleventh Amendment).  As there is no indication Pennsylvania has waived its Eleventh Amendment immunity, Shepherd's claims for compensatory damages against Judge Coyle in her official capacity are barred by the Eleventh Amendment.

Shepherd also requests a declaration that Judge Coyle's conduct constitutes a violation of his rights under the United States Constitution.  As the Third Circuit has repeatedly held, however, "[d]eclaratory judgment is inappropriate solely to adjudicate past conduct," and is not "meant simply to proclaim that one party is liable to another."  *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (per curiam); *see also, e.g.*, *Brown v. Fauver*, 819 F.2d 395, 400 (3d. Cir. 1987) (holding that Section 1983 plaintiff lacks standing to pursue declaratory relief where plaintiff "has done nothing more than allege past exposure to unconstitutional state action."); *O'Callaghan v. Hon. X*, 661 F. App'x 179, 182 (3d Cir. 2016) (per curiam) (noting that request for declaration that judge had previously violated plaintiff's rights is "not a proper use of a declaratory judgment, which is meant to define the legal rights and obligations of the named parties in anticipation of future conduct, not to proclaim their liability for past actions.").  A close reading of Shepherd's Complaint demonstrates that his factual allegations in support of his claims that his rights have been violated focus on Judge Coyle's past conduct – to wit, Judge Coyle's decisions setting Shepherd's bail and denying him house arrest, and her alleged conduct in pretrial conferences.  Shepherd's claim for declaratory relief must therefore be dismissed.

B.      **Individual Capacity Claim**

Shepherd also asserts his claims against Judge Coyle in her individual capacity based on her conduct as the presiding judge at a series of hearings during Shepherd's criminal proceedings, seeking an award of compensatory damages against her.  These claims against Judge Coyle are dismissed with prejudice.  Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the clear absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam).  An act is taken in a judge's judicial capacity if it is "'a function normally performed by a judge.'"  *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000) (quoting *Stump*, 435 U.S. at 362).  Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'"  *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

Here, the publicly available dockets reflect that Judge Coyle is the presiding judge in Shepherd's criminal cases.  Because presiding over pretrial hearings is a function normally performed by a judge, Shepherd's claims based on this conduct must be dismissed with prejudice under Section 1915A because Judge Coyle is absolutely immune from suit.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Shepherd's claims pursuant to 28 U.S.C. § 1915A(b)(1) and (2).  Shepherd will not be granted leave to amend his claims because to do so would be futile.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110 (3d Cir. 2002).  An appropriate order follows.

**BY THE COURT:**
**/s/Wendy Beetlestone, J.**

_____
**WENDY BEETLESTONE, J.**